IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PEJAE A. OWENS, (TDCJ No. 017160344) | § § § § | |
| Plaintiff, V. | § § § | CIVIL ACTION NO. 1:15-CV-173-BL |
| FNU WEBB, Warden, TDCJ French Robertson Unit, *et al.*, | § § § § | |
| Defendants | § | |

## OPINION and ORDER OF DISMISSAL
## UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B) [1]

This case is before the Court for review of pro-se-inmate/plaintiff PeJae A. Owens's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After review of the pleadings, the Court finds and concludes that all claims must be dismissed.

### I. BACKGROUND

Plaintiff initially filed a form civil rights complaint with attachment pages, naming three defendants allegedly then located at the TDCJ-French Robertson Unit; Warden Webb, Major McQuade, and Captain Wyatt. (Complaint, (doc. 1) at Style, at 3.) After review of this pleading, the Court issued an Order directing Plaintiff to file completed answers to the Court's questionnaire, which Plaintiff did by filing a Response to the Questionnaire. (Docs. 5, 7.) Thus, the complaint and Response to the Court's Questionnaire ("Court Response") are the pleadings subject to the Court's review.

In the complaint, Plaintiff alleges that in April 2015, a fire was started in Cell 61, resulting in Officers Ortega and Gonzalez (not defendants) spraying water into Cell 61, and also "purposely

---

[1] Plaintiff PeJae A Owens has consented to the disposition of this case by a magistrate judge under 28 U.S.C. § 636(c). (Doc. 11.)

into Cells 59 and 57, resulting in a "bumrush" of three rows of inmates to the day-room. (Compl. (doc. 1), at 4.) He recounts that all of the inmates associated with those cells were locked up and in the aftermath, he was charged with attempting to set fires and to assault staff. (Doc. 1, at 4.) He complains that Captain Wyatt wrote up the disciplinary case against him, and served as a hearing officer along with Defendant McQuade, where he was found guilty. (Doc. 1, at 4.) He alleges that Warden Webb agreed with and supported the finding of guilt in response to his administrative grievances. Plaintiff seeks to have the disciplinary case overturned, seeks to have his custody level reinstated and he seeks monetary damages in the form of "reimbursement" for costs of this suit and the "money lost in the attempt to rectify this situation." (Doc. 1, at 4; Court Response (doc. 7), at 5.)

## II. REVIEW UNDER § 1915A and § 1915(e)(2)(B)

As noted, as Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**(A) Failure to State a Claim Upon Which Relief May be Granted**

(I) Claim under the Eighth Amendment for Cruel and Unusual Punishment

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993). Plaintiff alleges that he was subjected to "cruel and unusual punishment", and although he does not cite to the Eighth Amendment, the Court construes this claim as an assertion of a violation of the Eighth Amendment.

The Court construes Owens's pleadings as stating two separate theories of recovery on the allegation of cruel and unusual punishment under the Eighth Amendment. First, he alleges that he had to "endure the chemical agents that were used during the whole fiasco."(Doc. 7, at 4.) Apparently Owens is referring to his exposure to the chemicals used to put out the fire on the cell block. Second,

3

Plaintiff asserts that he had to "endure the punishment of cell, property, commissary, and recreation restrictions all for something I didn't do" and as a result he also had his custody level status reduced.

As to the first claim of exposure to chemical agents used to put out the cell fire, the Eighth Amendment to the Constitution prohibits the infliction of cruel and unusual punishment. Although the Constitution does not mandate comfortable prisons, neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(citing *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). If conditions for prisoners are "restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes,* 452 U.S. at 347. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and 'must take reasonable measures to ensure the safety of inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)(other citations omitted)). But, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillan,* 503 U.S. 1, 9 (1992). "Minor deprivations suffered for short periods of time will not rise to the level of an Eighth Amendment violation . . . ." *Jacobs v. Quinonies,* No. 1:10-CV-02349-AWI-JLT (PC), 2013 WL 144234, at *7 (E.D. Cal. Jan. 11, 2003) (citations omitted).

Here, as to the chemical exposure claim, Plaintiff recites exposure to chemical agents that could have only lasted a brief period of time. But "a brief, one time exposure to a disinfectant or other chemical does not amount to an Eighth Amendment violation where there is no allegation that the exposure caused harm or pain and no evidence to suggest that Defendants intended to cause pain." *Garland v. Stanley, et al.,* No.1:12-CV-01755-AWI-MJS (PC), 2015 WL 1513635, at *4 (E.D. Cal. March 30, 2015) (citations omitted), *rep. and rec. adopted,* (E.D. Cal. July 17, 2015) As Plaintiff

recites no more than a brief exposure to fire retardant chemicals, alleges no physical injury, and alleges no conduct on the part of any defendant relative to the use of such chemicals, he has failed to state a claim under the Eighth Amendment based on the brief exposure to fire-retardant chemicals.

Furthermore, when asked to detail his claim that he suffered "cruel and unusual punishment, Plaintiff asserts that he had to "endure the punishment of cell, property, commissary and recreation restrictions all for something I didn't do" and as a result have his custody level status reduced. (Doc. 7, at 4.) The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care . . .." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Supreme Court has held, however, that "to the extent prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-7 (1981). Owens's claims challenging his cell, property, commissary, and recreation privileges, and reduction in class status, do not rise to the level of "unnecessary and wanton" infliction of pain. *See Althouse v. Cockrell*, No.3:01-CV-2291-D, 2002 WL 32170945, at * 3-4 (N.D. Tex. Dec. 17, 2002) (finding that ten-day cell and commissary restrictions imposed as disciplinary punishment for failure to report for inmate work are "limited restrictions" that do "not rise to the level of 'unnecessary and wanton' inflictions of pain") (citations omitted); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (holding inmate does not have a constitutional right to receive a certain custodial classification); *Parker v. Currie*, 359 F. App'x 488, 490 (5th Cir. 2010) (holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation") (quoting *Neals*, 59 F.3d at 533)). Owens's loss of privileges and change in custodial classification does not amount to cruel and unusual punishment under the Eight

5

Amendment. As such, all Owens's claims of an Eighth Amendment violation fail to state a claim upon which relief may be granted.

(II) Claim Against Webb Based Upon Resolution of Grievance

Owens named as a defendant Warden Webb. In response to the Court's questionnaire about how this defendant violated his constitutional rights, Owens alleges that although Defendant Webb told him he should submit a grievance because there "were several people wrongly convicted," once Plaintiff did submit an appeal of the grievance, Defendant Webb upheld the decision. (Doc. 7, at 3.) Thus, Plaintiff challenges Warden Webb for the way he responded to his administrative grievances.

An inmate does not have a federally protected liberty interest in having a prison grievance resolved to his satisfaction, and thus claims that that a grievance appeal was arbitrarily denied are not cognizable. *See Staples v. Keffer,* 419 F. App'x 461, 463 (5th Cir. 2011). Thus, allegations of a delay or denial in the processing of a grievance do not support a constitutional violation. *Id.; Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005). As the United States Court of Appeals for the Fifth Circuit found in *Geiger*: "[An inmate] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger,* 404 F.3d at 374; *see also Jenkins v. Henslee,* No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation") (citing *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994) and *Antonelli v. Sheahan,* 81 F.3d 1422 (7th Cir.1996)). Another district court thus explained "Congress established the exhaustion requirement to give prison and jails the first opportunity to address complaints by

6

inmates, but inmates do not have a basis for a lawsuit because they are dissatisfied with the grievance procedure." *Stafford v. McKay,* CA No. 5:10-CV-35, 2010 WL 4274758, at *9 (E.D. Tex. Sep. 27, 2010), *rep. and rec. adopted,* 2010 WL 4286162 (E.D. Tex, Oct. 28, 2010). Thus, Plaintiff's claims that Warden Webb violated his constitutional rights by his actions taken in resolving a grievance must be dismissed.

(III) Claims Attacking Actions Taken During Disciplinary Process

Plaintiff was charged with a disciplinary case number 20150222357 arising from the events of the fire in the cell block, and was found guilty of "starting fires", whereupon he was assessed punishment of 45 days restrictions on commissary, property, cell, and recreation privileges, and loss of 360 days of good time credit. (Doc. 7, at 2.) With regard to Defendant McQuade, Plaintiff alleges that McQuade (while acting as hearing officer) refused to accept his witness statement, even though McQuade had been informed before the hearing that Owens's cell mate would testify favorably. (Doc. 7, at 4.) As to Captain Wyatt, Plaintiff alleges that he both wrote the offense report and acted as a co-hearing officer, rendering Wyatt a biased hearing officer. (Doc. 7, at 4.) Plaintiff also alleges that Wyatt "lied" in the report about a camera recording evidence that Owens had thrown papers out of his bean slot. Although Plaintiff does not recite the constitutional basis for these claims, the Court construes them as claims that the disciplinary hearing was conducted in violation of his right to due process of law under the Fourteenth Amendment.[2]

The mere failure of prison authorities to follow the prison's own policies, procedures, or

---

[2] As Plaintiff is a state prisoner, his due process claims are considered only under the Fourteenth Amendment. *See Doe v. Robertson, et al.,* 751 F.3d 383, 387 (5th Cir. 2014) (noting that the Fifth Amendment applies to prisoner claims against federal officials while the Fourteenth Amendment applies to prisoner claims against state officials).

7

regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. A prisoner's liberty interest, however, is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483 (1995) (citations omitted). In *Sandin v. Connor,* the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* In light of *Sandin,* the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (per curiam); *see also Pichardo v. Kinker,* 73 F.3d 612, 613 (5th Cir. 1995) (affirming district court's dismissal as frivolous prisoner's claim that administrative segregation resulting from his classification as a gang member violated a cognizable liberty interest); *Orelana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995) (noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will hence-forth qualify for constitutional 'liberty' status")(internal citations and footnote omitted). Furthermore, the Fifth Circuit, and other courts in this circuit, have expressly rejected claims that a punishment including loss of 45 days commissary/recreation privileges and 15 days of solitary confinement, triggers a liberty interest protected by due process. *See Rainey v. Dretke,* No. C.A. C-04-525, 2005 WL 1607442, at *5 (S.D. Tex. July 4, 2005) ("To the extent Rainey is challenging his loss of 45 days commissary and

8

recreation privileges and 15 days solitary confinement, he fails to state a constitutional violation. These punishments are merely changes in the conditions of his confinement and do not implicate due process concerns") (citing *Sandin,* 515 U.S. 472 (1995)); *see generally Williams v. Bush,* 95 F.3d 44, 1996 WL 405407, at *1 (5th Cir. 1996) ("Williams was punished with 30 days of recreational restriction, commissary restriction, property restriction, and special cell restriction. This is not sufficient to trigger a liberty interest protected by due process") (citations omitted); *see also Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (30-day commissary and cell restriction did not implicate due process). Thus, under these holdings applying *Sandin v. Conner* to the same or similar disciplinary punishments, Owens has not stated a constitutional due process violation as to the disciplinary proceeding and the actions of defendants McQuade and Wyatt.

**(B)     Remaining Claim Barred by the *Heck v. Humphrey* Doctrine**

Lastly, as Plaintiff lost good time credits, he seeks to seeks to have the disciplinary conviction "overturned", which would result in the reinstatement of the lost good time. But such claims are not cognizable in this suit. Plaintiff seeks declaratory relief, injunctive relief, and monetary damages from the defendants based upon challenges to the disciplinary proceedings resulting in his loss of good-time credit. In *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87; *see generally Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims asserted in a § 1983 action, "whether for damages, declaratory judgment, or injunctive

9

relief" that would imply the invalidity of conviction, are not cognizable). The Supreme Court has extended *Heck* to prison disciplinary proceedings, concluding that claims for declaratory or injunctive relief or for monetary damages that necessarily imply the invalidity of a disciplinary punishment are not cognizable in a 42 U.S.C. § 1983 proceeding. *See Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997); *see also Evans v. Barker,* 442 F. App'x 108, 110 (5th Cir. 2011) (district court did not err in finding that § 1983 claim is barred, as expungement of disciplinary proceedings would result in restoration of good time credit). In the disciplinary context, a prison disciplinary decision that results in a change to the prisoner's sentence, including the loss of good time credits, is considered a "conviction" for purposes of *Heck. See Clarke v. Stadler,* 154 F.3d 186, 189 (5th Cir. 1998) (en banc)(internal quotation omitted) (citing *Heck,* 512 U.S. at 486-87).

Plaintiff's request to have this Court reconsider the basis and validity of the disciplinary charge and the actions of the officials involved with the disciplinary proceeding and resulting punishment of lost good time, if successful, would "necessarily imply the invalidity of the punishment imposed." *Edwards,* 520 U.S. at 648; *see also Clarke,* 154 F.3d at 189. Thus, such claims are not cognizable in this case unless Plaintiff has satisfied the conditions set by *Heck.* Owens has not shown that he has obtained any such order or relief against the disciplinary proceeding through a petition for writ of habeas corpus or otherwise. In response to the Court's questionnaire, Plaintiff acknowledged that the disciplinary conviction was upheld in TDCJ administrative grievance procedures, and that he has not otherwise challenged the loss of good time credit in a federal or state petition for writ of habeas corpus. (Doc. 7, at 3.) As a result, Plaintiff's remaining claim seeking to overturn the disciplinary conviction is not cognizable, and must be dismissed. *See Heck,* 512 U.S. at 487-88; *see also McGrew v. Tex. Bd. Of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

## III. ORDER

It is therefore **ORDERED** that all Plaintiff's claims, except his claim seeking to overturn the disciplinary case and have his good time credit reinstated, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). It is further **ORDERED** that Plaintiff's claim seeking to overturn the disciplinary case and have his good time credit reinstated is **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck v. Humphrey* conditions are met,[3] under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I).

SIGNED April 28, 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE

---

[3] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).